# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 96-50599
Summary Calendar

_____

WALTER MORRIS, ET AL.,

Plaintiffs,

WALTER MORRIS, ET AL.,

Plaintiffs-Appellants,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

Defendants,

VICTOR RODRIGUEZ, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-95-CV-89)
_____
June 16, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellants challenge, *pro se*, the district court's dismissal

of their civil rights complaint filed pursuant to 42 U.S.C. § 1983.

_____

[*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

They contend that they have a right to seek a declaratory judgment; that the district court erred by dismissing their claims against Governor Bush, by failing to substitute the correct party for a defendant named in their complaint as "John Doe", and by dismissing their claims that they have a liberty interest in the expectancy of parole release protected by the due process clause; that they were denied a fair and meaningful parole hearing; and that changes in Texas parole law and procedures violated the ex post facto clause of the United States Constitution.

Because only Walter Morris and Dawud Al-Faruq signed the *pro se* notice of appeal and appellate brief, they are the only parties properly before this court. *See Carter v. Stalder*, 60 F.3d 238, 239 (5th Cir. 1995) (citing *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991)). Therefore, the appeals of all other listed appellants are **DISMISSED.**

Morris and Al-Faruq have not identified any reversible error committed by the district court. *See Morris v. TDCJ*, No. A-95-CA-89 (W.D. Tex. Sept. 19, 1995) (unpublished). Accordingly, the judgment is

*AFFIRMED.*